## BARRY v. GOAD et al.[*]

### No. 12,984; November 6, 1890.

24 Pac. 1023.

**Schools—Employment of Teachers.—The Employment, by the Board** of education of the city and county of San Francisco, of inspecting teachers, whose duty it is to visit the schools and ascertain, by frequent oral examinations, the condition of the classes, and to give advice to teachers and principals when necessary, is within the power to "employ teachers" conferred on the board by Worley's Consolidation Act, page 171, section 1, subdivision 3 (Stats. 1871–72).

APPEAL from Superior Court, City and County of San Francisco.

Otto Tum Suden and Horace W. Philbrook for appellant; Jos. Rothschild for respondents.

FOOTE, C.—This action was brought by the plaintiff, a resident citizen of California, of the city and county of San Francisco, and a tax-payer, for the purpose of restraining the defendants, the board of education of the city and county of San Francisco, from drawing any drafts upon the school fund of the said city and county in favor of Laura T. Fowler and J. G. Kennedy, as compensation for their services as teachers in the public schools of said city and county. The cause was tried before the court, without a jury, and there is no bill of exceptions or statement on motion for a new trial. Upon the complaint and answer, apparently, the court found— First, that the allegations of the complaint were not sufficient in law to entitle the plaintiff to any relief or judgment; second, that all the affirmative allegations in defendants' answer were true. Judgment passed for the defendants, from which this appeal is taken. The whole matter turns upon the question as to whether the board of education had the power to appoint, and order paid out of the school fund, Fowler and Kennedy, as inspecting teachers, and this depends upon the language of the statute, which is the measure of their power to appoint teachers; and whether the duties as-

---

[*]For subsequent opinion in bank, see 89 Cal. 215, 26 Pac. 785.

signed to the teachers above mentioned, under their employment by the board, are those which appertain to teachers such as that board could appoint.  The answer sets up, in an affirmative defense, the resolution of the board defining the duties of the teachers, who, it is claimed by appellant, are inspectors merely, and not teachers.  He insists that such persons were not employed to perform the functions of teachers in the public schools at all, but were to be mere inspectors of schools, and to perform the duties that pertained to members of the board of education, which could not be delegated to anyone.  That being so, such appointments or employments were without authority of law, and the appointees could not be paid from the school fund.  The power of employing teachers given to this board is to be found in the Statutes of 1871–72 (see Worley's Consolidation Act, page 171) as follows: Section 1, subd. 3.  "To employ and dismiss teachers, janitors and school census marshals, and to fix, alter, allow and order paid their salaries or compensation," etc.  The resolution of the board of education, under which Laura T. Fowler was employed as inspecting teacher, paid, and her duties defined, provides, specially, that her duty shall be to visit schools and ascertain by frequent oral examinations the condition of the classes; to observe carefully the methods of teaching and discipline by the teachers; to give advice and assistance to teachers and principals, when necessary; and, in their presence and before their classes, exemplify the best methods of teaching.  It is alleged in the answer, and not denied, that J. G. Kennedy was appointed by the board as head inspecting teacher of the public schools of San Francisco.  It is plain, we think, that unless the duties to be performed by them are such as are compatible with those of teachers in the public schools, the statutes do not authorize their employment or payment out of the school fund.  Whether such appointments of teachers are, or not, in consonance with good policy in connection with the public schools is not a matter which comes within the purview of the appellate court to consider.  The only thing left for determination is whether these persons, thus appointed, are teachers in the sense as expressed in the statute above quoted.  That statute does not declare what kind of teachers the board is to employ.  It says they may "employ and dismiss teachers."

This means, of course, teachers for the public schools, such as the course of study in such schools, as prescribed by law and the regulations of the board, may demand. We cannot see what duty is assigned to these so-called "inspecting teachers," which may be said to make them anything but teachers, instructors or tutors. They seem to be a higher order of teachers than those immediately over the pupils; but they are nevertheless teachers. They examine the school children orally, and thereby ascertain the condition of their classes. They observe the methods of teaching and discipline pursued by the other teachers. They give advice and assistance to other teachers, and, in their presence and before their classes, exemplify the best methods of teaching; and all these matters come within the province of a teacher or instructor, and tend to educate the public school children. We cannot say, therefore, that the board of education exceeded its powers in employing this kind of teachers; and we advise that the judgment be affirmed.

We concur: Belcher, C. C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is affirmed.